\*NOT FOR PUBLICATION\*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE J. COHEN, | Civil Action No. 14-5707 (PGS) |
| Plaintiff, | |
| v. | OPINION |
| COONAN CRIME FAMILY, et al., | |
| Defendants. | |

**SHERIDAN**, District Judge:

Plaintiff Lawrence J. Cohen ("Plaintiff"), a prisoner currently confined at Monmouth County Jail in Freehold, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants James Coonan, Jr., John Coonan, III and Edna Coonan. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that James Coonan, Jr., a deputy Monmouth County Sheriff, "brought false charges" against Plaintiff. (Compl. ¶ 4b.) He further alleges that Mr. Coonan tampered with witnesses, which Plaintiff bases on the fact that he saw Mr. Coonan "rape his own sister" in 1977. (*Id.*) Plaintiff alleges that Mr. Coonan lied to a judge and withheld information regarding "major crimes (murder, rape child abuse, etc.)." (*Id.*)

With regard to Defendant John Coonan, III, Plaintiff alleges that he "hired Michael Joyce to murder [Plaintiff] for $150,000, then killed Joyce in 2010." (*Id.* at ¶ 4c.) Plaintiff alleges that Mr. Coonan also "bribed public officials against [Plaintiff]" and that he has "access to Bernie Madoff's $60 billion stolen money." (*Id.*) Plaintiff also alleges that Mr. Coonan intimidated witnesses. (*Id.*) With regard to Defendant Edna Coonan, Plaintiff alleges that she "urged John to hire Joyce to kill [Plaintiff]" and she brought false charges against Plaintiff. (*Id.*)

Plaintiff seeks the following relief: (1) dismissal of the current criminal charges against him; (2) an FBI investigation into the "Coonan Crime Family"; (3) recovery of Mark Collins body; (4) contact Mark Collins' father about his son's 1977 kidnapping and murder by the Coonans; and (5) question Christine Coonan about "her rape by her family members on Sunday, July 24, 1977." (*Id.* at ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with

2

respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915 and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

B. Analysis

As stated above, the plaintiff in a section 1983 action must allege that the defendants are state actors. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Though Plaintiff alleges that Defendant James Coonan, Jr. is a Monmouth County Sherriff, none of the allegations against him relate in any way to his duties as a sheriff's officer. With regard to Defendants John Coonan, III and Edna Coonan, it is clear that they are not state actors, however, a private party "who corruptly conspire[s]" with a state official will be considered a state actor under § 1983. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175–76 (3d Cir.2010) (internal quotation marks omitted). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Id.* at 178. "[A] bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

The allegations in the complaint are conclusory and insufficient to state a claim that a conspiratorial agreement existed among between Defendants and any state actors. Plaintiff generally alleges that because Defendant James Coonan, Jr. is a Monmouth County Sheriff and Plaintiff was arrested by the Hazlet Township Police Department, Mr. Coonan somehow effectuated said arrest. However, Plaintiff has alleged no facts whatsoever to support that conclusory allegation. Similarly, Plaintiff offers no facts to support his bald assertions that Defendant John Coonan III "bribed public officials" and Ms. Coonan "brought false charges against him." In sum, Plaintiff has simply failed to allege any facts that would allow this Court to conclude that Defendants were state actors.

In addition, with regard to Plaintiff's request that the criminal charges against him be dismissed, in a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Therefore, even if any of the Defendants had been state actors, Plaintiff's request that the charges be dismissed against him is not cognizable in a civil rights action.

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]  An appropriate order follows.

Dated:

_____  10/14/14
Peter G. Sheridan, U.S.D.J.

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and Acannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].@ 6 Wright, Miller & Kane, *Federal Practice and Procedure* ' 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

6